UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

October 13, 2021

LETTER TO COUNSEL:

    RE:    *Bridget H. v. Commissioner of Social Security*
              Civil No. TJS-20-2050

Dear Counsel:

    On July 13, 2020, Plaintiff Bridget H. petitioned this Court to review the Social Security Administration's final decision to deny her claim for disability insurance benefits ("DIB"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 14 & 15. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will deny both motions and remand the case for further proceedings. This letter explains my rationale.

    Bridget P. filed her application for DIB on February 22, 2016. Tr. 50. She alleged a disability onset date of June 1, 2015. *Id.* Her application was denied initially and upon reconsideration. *Id.* She requested a hearing before an Administrative Law Judge ("ALJ") and a hearing was held on November 6, 2018. *Id.* In a written decision dated January 17, 2019, the ALJ found that Bridget P. was not disabled under the Social Security Act. Tr. 71-105. Bridget P. now seeks review of the ALJ's decision.

    The ALJ evaluated Bridget P.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520. At step one, the ALJ found that Bridget P. has not engaged in substantial gainful activity since June 1, 2015. Tr. 53. At step two, the ALJ found that Bridget P. suffers from the following severe impairments: gastritis/duodenitis, lumbar strain, and dysfunction of the right hip and hamstring. *Id.* At step three, the ALJ found Bridget P.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). Tr. 54-55. The ALJ determined that Bridget P. retains the residual functional capacity ("RFC") to:

    perform light work as defined in 20 CFR 404.1567(b) except occasionally balance, stoop, kneel, crawl, and climb ramps and stairs; never climb ladders/ropes/

---

[1] This case was originally assigned to Judge Deborah L. Boardman. On June 10, 2021, it was reassigned to me.

scaffolds; occasional exposure to vibrations and occasional exposure to hazardous conditions, including unprotected heights and moving machinery.

Tr. 55.

At step four, the ALJ determined that Bridget P. is capable of performing past relevant work as a school secretary. Tr. 60. Alternatively, at step five, relying on the testimony of a vocational expert ("VE"), and considering the claimant's age, education, work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Bridget P. can perform, including sales attendant, storage facility clerk, and cashier. Tr. 62. Accordingly, the ALJ found that Bridget P. was not disabled under the Social Security Act. *Id.*

Bridget P. raises three arguments in this appeal: (1) the ALJ's RFC determination is not supported by substantial evidence because the ALJ failed to account for the claimant's sitting limitations; (2) the ALJ's RFC determination is not supported by substantial evidence because the ALJ improperly evaluated the claimant's subjective statements about her symptoms; and (3) the ALJ improperly evaluated whether the claimant's impairments met or equaled Listing 1.04A.

As explained below, I am persuaded by Bridget P.'s argument concerning the ALJ's failure to account for her sitting limitations. Because I will remand the case on the basis of that argument, I decline to consider Bridget P.'s remaining arguments, and express no opinion on the ultimate issue of her disability.

There is significant evidence supporting Bridget P.'s complaints of pain from prolonged sitting. Tr. 22, 92, 292, 294, 315-17, 400, 403, 407, 431, 446, 550, 554-56, 593, 611 & 616. The ALJ inquired about Bridget P.'s problems with sitting during the hearing (Tr. 92) and noted in the opinion that Bridget P. reported that "[s]he can sit for a half hour to forty-five minutes" (Tr. 56). The ALJ did not discuss the extent to which Bridget P.'s alleged sitting problems impacted her ability to perform light work. And the ALJ's RFC determination contains no limitation that might account for this limitation. The ALJ appears to have implicitly rejected the evidence supporting Bridget P.'s complaints of pain associated with prolonged sitting without explanation.

In *Dowling v. Comm'r, Soc. Sec. Admin.*, 986 F.3d 377, 388-89 (4th Cir. 2021), the court held that an ALJ failed to properly assess a claimant's RFC where evidence existed to support the claimant's sitting limitation, but the ALJ never explicitly discussed it, incorporated it into the RFC, or explained why no RFC limitation was necessary. The Fourth Circuit explained that the ALJ's limited discussion of the claimant's sitting problems was "a far cry from the 'function-by-function analysis' the ALJ was required to conduct." *Id.* at 388.

The error in this case is the same as in *Dowling*. There is evidence that Bridget P. cannot sit for prolonged periods without experiencing pain, but the ALJ did not evaluate this evidence in the opinion. If credited, this evidence might support additional limitations to Bridget P.'s RFC. The Court is not in a position to weigh the evidence in the record, and because the ALJ did not make explicit findings about this evidence or Bridget P.'s limitations with regard to sitting, the Court cannot find that the ALJ's decision is supported by substantial evidence. The Commissioner invites the Court to affirm the case anyway because, during the hearing, the VE responded

affirmatively to the ALJ's hypothetical question about whether a person with Bridget P.'s RFC plus a "sit-stand option every 30 minutes" would be able to perform work. Tr. 102. The Court declines to do so. First, the ALJ did not include a "sit-stand option every 30 minutes" in the RFC, nor did the ALJ explain why such a limitation was sufficient to accommodate Bridget P.'s sitting problems. Just as the Court cannot reweigh evidence in the record, the Court cannot rewrite the ALJ's RFC determination. Second, the ALJ never credited or rejected the VE's testimony regarding whether a person with Bridget P.'s RFC plus a "sit-stand option every 30 minutes" could perform work. The Court is not in a position to evaluate the VE's testimony in the first instance and determine whether the ALJ should have accepted it. This is the function of the ALJ, which the ALJ did not fulfill in this case.

For these reasons, both parties' motions for summary judgment (ECF Nos. 14 & 15) are **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further proceedings in accordance with this opinion. The Clerk is directed to **CLOSE** this case.

Sincerely yours,

/s/
Timothy J. Sullivan
United States Magistrate Judge

3